**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11   DANELL PRATT,                                    No. C 13-01225 YGR (PR)

12              Petitioner,                           **ORDER DENYING MOTION FOR**
                                                      **APPOINTMENT OF COUNSEL**
13      v.

14   B. GOWER, Warden,

15              Respondent.
                                                    /
16

17          Petitioner has filed a motion for appointment of counsel in this action.

18          The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See*

19   *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B),

20   however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the

21   court determines that the interests of justice so require" and such person is financially unable to

22   obtain representation.  The decision to appoint counsel is within the discretion of the district court.

23   *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v.*

24   *Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the

25   exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and

26   complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or

27   mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either

28   in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial

facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

At this early stage of the proceedings the Court is unable to determine whether the appointment of counsel is mandated for Petitioner. Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's request is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

This Order terminates Docket No. 3.

IT IS SO ORDERED.

DATED:    August 15, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

**United States District Court**
For the Northern District of California