United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELL L. PRATT,<br>        Petitioner,<br>   v.<br>B. GOWER, Warden,<br>        Respondent. | Case No. 13-cv-01225-YGR (PR)<br><br>**ORDER APPOINTING COUNSEL TO REPRESENT PETITIONER; AND GRANTING REQUEST FOR EXTENSION OF TIME FOR PETITIONER TO FILE TRAVERSE** |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 conviction in the San Mateo County Superior Court of two counts of attempted murder. Dkt. 1 at 27. Petitioner was sentenced to 96 years to life in state prison, which included a consecutive term on a rape conviction he had suffered in another San Mateo County Superior Court case. *Id.*; Dkt. 24, Ex. A at 303-18, 341-42; Ex. B at 1264-78.

On August 15, 2013, the Court issued an Order granting Petitioner's request for a stay of proceedings while he returned to state court to exhaust his administrative remedies. On the same date, the Court also denied Petitioner's motion for appointment of counsel stating as follows: "At this early stage of the proceedings the Court is unable to determine whether the appointment of counsel is mandated for Petitioner." Dkt. 8 at 2. In addition, the Court indicated that the denial was without prejudice to the Court's *sua sponte* reconsideration of such a motion. *Id.*

On December 11, 2013, Petitioner informed the Court that his state proceedings had concluded, and he filed a motion to lift the stay. However, he did not amend the stayed petition to add the newly-exhausted claims. Therefore, in an Order dated January 3, 2014, the Court directed Petitioner to file an amended petition in this Court which incorporated the newly-exhausted claims he intends to raise in federal court.

On February 10, 2014, Petitioner filed a letter indicating that when he originally began this habeas action on March 19, 2013, he filed a mixed petition, which included both his exhausted and unexhausted claims. Therefore, Petitioner requested that the Court file his original petition as his first amended petition because it contained all his newly-exhausted claims.

In an Order dated February 26, 2014, the Court construed Petitioner's request as an implied motion for leave to file his first amended petition, and it granted his motion. The Court also granted Petitioner's motion to lift the stay, and it reopened this action. The Court then issued an Order to Show Cause why the writ should not be granted.

On September 3, 2014, Respondent filed an Answer. Petitioner's traverse is presently overdue.

Before the Court is Petitioner's request for an extension of time to file his traverse. In Petitioner's request, he explains that Randi Covin, Esq., by whom Petitioner was represented in state appellate court, would be drafting the traverse. Attorney Covin has filed a declaration in support of Petitioner's request, which indicates that she has been assisting Petitioner pro bono—including preparing Petitioner's federal petition, motion for appointment of counsel, motion for stay and abeyance, and motion to lift stay—due to Petitioner's "lack of funds to retain counsel, inability to prepare his own petition, and impending AEDPA deadline." Dkt. 27 at 4. Attorney Covin adds that when the Court lifted its stay and issued its Order to Show Cause, Petitioner's ex-wife "agreed to pay [Attorney Covin] a small sum to assist with the preparation of his traverse." *Id.* Attorney Covin claims that Petitioner was "unable to pay [her] or any attorney enough to represent him as counsel of record." *Id.* Finally, Attorney Covin states as follows:

> So far, petitioner's ex-wife has made only a small payment—one fifth of the very modest fee I requested to prepare petitioner's traverse. Petitioner's ex-wife told me she can barely afford to pay this small fee and cannot possibly pay enough to hire me or other reputable counsel to represent petitioner officially. Petitioner is untrained in the law and will be unable to respond to the state's answer on his own.

*Id.*

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The Court may, however, appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728.

Here, Petitioner asserts five claims for relief: (1) that the admission into evidence of Petitioner's recorded jail calls violated his Sixth Amendment right to confront the witnesses against him; (2) that Petitioner received ineffective assistance of trial counsel in violation of *Strickland*[1] and the Sixth Amendment when counsel fabricated an opening statement and coerced Petitioner into testifying in accordance with it; (3) that Petitioner received ineffective assistance when counsel failed to impeach prosecution witnesses; (4) that Petitioner received ineffective assistance when counsel failed to discover and present third-party culpability evidence; and (5) that Petitioner suffered a complete denial of the assistance of counsel.[2]  Dkt. 1 at 20-27.

The Court *sua sponte* reconsiders its denial of Petitioner's previously-filed motion for appointment of counsel and now finds that the appointment of counsel is warranted in this action, especially considering that Attorney Covin is familiar with the facts of the case and willing to draft the traverse but faced with Petitioner's inability to pay her sufficient compensation for her services.  Therefore, the Court appoints Attorney Covin to represent Petitioner in this action from here on, and specifically to file the overdue traverse.  Counsel should seek reimbursement pursuant to 18 U.S.C. § 3006A(d) and (e) via the Federal Public Defender's Office.

In light of this Order appointing counsel, the Court GRANTS Petitioner's request for an extension for time to file a traverse in order to allow Attorney Covin enough time to file a traverse. Petitioner's traverse is due on **February 2, 2015**.  The matter will thereafter be submitted on the papers.

The Clerk of the Court shall send a copy of this Order to Randi Covin, Esq., P.O. Box 1120, Willits, California 95490, to Petitioner, to the Federal Public Defender, and to Respondent.

This Order terminates Docket No. 27.

IT IS SO ORDERED.

Dated: December 17, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

---

[1] *Strickland v. Washington*, 466 U.S. 664 (1984).
[2] According to the petition, Petitioner's trial counsel, LeRue Grim, was 79 years old at the time of Petitioner's trial and "had a long history of State Bar discipline and was actually disbarred in 2012 as the result of numerous complaints and acts of misconduct."  Dkt. 1 at 24.